IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARIO ABADAY**
**PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO.**
                                                   **1:14-cv-67-HSO-RHW**

**MICHAEL V. LOMBARDI, , U.S.**
**OPPORTUNITIES LLC, ROYAL**
**HOSPITALITY SERVICES, LLC,**
**AND BEAU RIVAGE RESORTS,**
**INC.**
**DEFENDANTS**

---

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW Plaintiff Mario Abaday, and files this Complaint against the Defendants, pursuant to the Fair Labor Standards Act ("FLSA") and the Trafficking Victims Protection Act ("TVPA").

### PELIMINARY STATEMENT

This case is about human trafficking for profit.  Over the past few years, Plaintiff and other similarly situated immigrant workers have been systematically defrauded and exploited in the recruitment and hiring process in numerous countries by Defendants.  Defendants utilized the promise of a unique opportunity to work in the United States to entrap them into a psychologically coercive and financially ruinous trafficking scheme that subjected the Plaintiff and other similarly situated immigrant workers to exorbitant debt, forced labor, substandard living conditions and substandard wage rates.  Once in the United States, Plaintiffs and other

similarly situated immigrant workers were further abused and exploited by Defendants, who used a variety of coercive tactics, including the abuse of legal process, isolation, threats of physical violence, and threats of deportation to attempt to control the Plaintiff and other immigrant workers' actions. The United States government has declared the Plaintiff is a victim of human trafficking. Defendant Michael V. Lombardi is serving a sentence in Federal Prison for his role in this same human trafficking scheme.

## PARTIES

1. Plaintiff, Mario Abaday, is a national of the Republic of the Philippines and resides in Los Angeles California.

2. Defendant, Michael V. Lombardi, is an individual that resides at 11096 47th Road N. West Palm Beach, FL 33411.

3. Defendant, U.S. Opportunities, LLC, is a corporation that is incorporated in Florida, and may be served through its registered agent Michael V. Lombardi, 11096 47th Road North, West Palm Beach, Florida 33411.

4. Defendant, Royal Hospitality Services, LLC, is a corporation that is incorporated in Louisiana, and may be served through its registered agent Samuel Nikoghosyan, 237 N. Peters Street, 4th Floor, New Orleans, Louisiana 70130. Royal Hospitality appeared in this case prior to severance.

5. Defendant, Beau Rivage Resorts Inc., is a corporation that is incorporated in Mississippi, and may be served through its registered agent Anthony De Vescovo, 875 Beach Boulevard, Biloxi, Mississippi 39530. Beau Rivage appeared in this case prior to severance.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal jurisdiction), 18 U.S.C. section 1595(a)(civil trafficking), and Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. section 216(b).  The Court has supplemental jurisdiction over the state law causes of action asserted in the Complaint pursuant to 28 U.S.C. section 1367 because the state law claims form part of the same case or controversy as the federal law claims.

7.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

8.      Venue is also proper in this District pursuant to 18 U.S.C. Section 1965(a) because some or all Defendants reside, are found, have agents, and/or transact his/her/its affairs in the Southern District of Mississippi.

9.      Venue is also proper in this District pursuant to 18 U.S.C. Section 1965(b) because the ends of justice require that other parties residing in other districts be brought before this Court.

## STATEMENT OF FACTS

10.     Plaintiff is one of many foreign nationals who were trafficked from the Republic of the Philippines by Defendants in 2010.

11.     Plaintiff held an H-2B visa, which allows U.S. employers to bring foreign nationals to the United States to fill temporary nonagricultural jobs.  These visas are usually valid for one year but can be extended up to three (3) years.

12.     Defendants operated a trafficking scheme to recruit Plaintiff and other immigrant workers from several countries for work in various locations in the United States.

13. Defendant Lombardi fraudulently misrepresented to the Department of Labor that various employers needed more H-2B workers then the employers actually needed. Lombardi submitted applications for employers that did not require laborers, but used those employers as sponsors on the H-2B visas.

14. Plaintiff was recruited in the Philippines and signed a job offer for a company called Aramark.

15. Plaintiff was coerced into signing loan agreements in order to pay for his visa fees.

16. Plaintiff was misled to believe that with the money he would be making his loans could easily be paid. Instead, he was placed in a job paying so little he could barely afford to pay for his living conditions, much less pay his loans back.

17. After arrival in the United States Plaintiff was told that the employer listed on his visa did not have employment for him and that instead he was to contact Defendant Royal Hospitality.

18. After arriving in Biloxi Plaintiff was picked up by agents of Royal Hospitality who told him to sign a new contract of employment and informed him that he would be working for the Beau Rivage. The new contract allowed for payment on a per room basis rather than the hourly basis promised in his original contract.

19. Defendants never paid or offered to pay for Plaintiff's visa fees as required by the federal visa program. Instead Defendants fraudulently misrepresented to Plaintiff that Plaintiff was responsible for payment of those fees.

20. When it came time to renew his H-2B visa, Defendant Royal Hospitality informed Plaintiff that they would not renew his H-2B visa but rather provided him with a B-2 visa. When

Plaintiff complained that a B-1 was not a working visa, Defendant Royal Hospitality told him he was allowed to work at the Beau Rivage with a B-1 visa.

21. Plaintiff worked at the Beau Rivage from July 2010 to September 2010. During this time Plaintiff performed work before and after clocking in for the day, including stocking and preparing his cleaning cart. Further, Plaintiff often was not properly paid minimum wage and/or overtime.

22. Despite poor living conditions, Plaintiff was charged exorbitant amounts for rent, which Defendants deducted directly out of his paycheck.

23. Prior to using RHS to obtain its labor, Beau Rivage ran its own H2B program and is familiar with the requirements of the program. When Beau needed workers, they would call RHS and RHS would provide them on short notice. At other times, RHS would approach Beau with an offer of certain workers that RHS had available. Beau knew that the H-2B process takes months and that workers must be sponsored by employers, but took workers from RHS on days' notice, knowing that the workers could not have been working under H-2B visas issued by the Beau.

24. Beau Rivage also received actual notice from other RHS workers that they had visas for other employers, had the wrong type of visas, or had been threatened by RHS with deportation. RHS employees complained to the Beau Rivage about their treatment and living conditions at RHS and that RHS was providing them with tourist visas. Further, at times, the Beau Rivage itself threatened workers with deportation.

25. Beau Rivage gained a financial benefit by engaging in its contractual venture with RHS.

26. The Department of Justice determined Plaintiff to be a victim of a severe form of trafficking.

# COUNT I

# THE WILLIAM WILBERFORCE TRAFFICKING VICTIMS PROTECTION REQUTHORIZATION ACT OF 2008 (18 U.S.C. § 1595)

27. Plaintiff re-alleges and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

### A. Authority for a Civil Action

28. Plaintiff is a victim of the following violations of Title 18, Chapter 77 of the United States Code: 18 U.S.C. Sections 1589, 1590, 1592, and 1594(a) and (b).

29. As set forth in 18 U.S.C. section 1595(a), Plaintiffs may bring a civil action against the perpetrators of these violations and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation" of these provision.

30. Defendants were perpetrators of the violations of 18 U.S.C. sections 1589, 1590, 1594(a) and 1594(b), and/or knowingly benefitted financially from participation in a venture which they knew or should have known engaged in a violation.

31. Defendants Lombardi, and US Opportunities in coordination with employment agencies in the Philippines, made false promises of work to Plaintiff in order to traffick him to the United States. Upon arrival into the United States, Lombardi and U.S. Opportunities funneled Plaintiff to RHS in order to fill their worker requirements to the Beau Rivage. The Beau Rivage knowingly participated in this venture by accepting the benefits of Plaintiffs work

when it knew or should have known that the Lombardi/RHS venture violated 18 U.S.C. sections 1589, 1590, 1594(a) and 1594(b).

### B.      Forced Labor (18 U.S.C. § 1589)

32.     Defendants acquired the labor of Plaintiff by means of abuse and threatened abuse of law or legal process and by means of a scheme, pattern, or plan intended to cause Plaintiff to believe that, if she did not perform the labor, she would suffer serious and detrimental harm.

33.     Defendants knowingly benefitted financially from participation in a venture which they knew or should have known was engaged in these acts.  We should probably flesh this out as to each defendant.

### C.      Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor (18 U.S.C. § 1590)

34.     Defendants aided and abetted the recruitment and transportation of Plaintiff and other foreign nationals for labor and services in violation of 18 U.S.C. sections 1589, 1592, 1594(a), and 1594(b).

35.     Defendants knowingly benefited financially from participation in a venture which they knew or should have known was engaged in these acts.

### D.      Attempt and/or Conspiracy to Violate 18 U.S.C. Sections 1589, and 1590 (18 U.S.C. § 1594(a) and (b)).

36.     Defendants and Employer Defendants attempted and/or conspired to violate 18 U.S.C. Sections 1589 and 1590 in violation of 18 U.S.C. Section 1594(a) and (b).

37.     Defendants knowingly benefited financially from participation in a venture which the Defendants knew or should have known was engaged in these acts.

### E. Damages

38. As a proximate result of the conduct of Defendants, Plaintiff has suffered injuries to his persons and property along with other damages.

## COUNT II.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff is a non-exempt employee and is subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wages and overtime pay for all hours over forty (40) hours worked in a given week.

40. The fair Labor Standards Act requires that employees be paid minimum wages and overtime compensation at a rate not less than one and one-half (1 ½) times minimum wage rates or their regular rate of pay if it is higher. 29 U.S.C. § 207(a).

41. Plaintiff has not been paid minimum wages and/or overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ his regular pay.

42. The acts of Defendants constitute a willful intentional violation of the Fair Labor Standards Act.

## DAMAGES

43. WHEREFORE, Plaintiff requests the following relief:

   a. Compensatory damages;

   b. Overtime pay and minimum wages;

   c. Liquidated damages;

   d. Punitive damages;

   e. Attorney fees and costs; and

   f. Such other relief as the Court deems just and appropriate.

THIS, the 26th day of March, 2014.

                                                          Respectfully submitted,

                                                          /s/ Benjamin Ruemke_____

                                                          Benjamin Ruemke
                                                          Ryan Hicks
                                                          Peter Schneider
                                                          SCHNEIDERWALLACE
                                                          COTTRELL KONECKY, L.L.P.
                                                          3700 Buffalo Speedway # 1100
                                                          Houston, Texas 77098
                                                          Telephone: 713-338-2560
                                                          Fax: 866-505-8036
                                                          pschneider@schneiderwallace.com
                                                          rhicks@schneiderwallace.com
                                                          bruemke@schneiderwallace.com
                                                          *Admitted Pro Hac Vice*

                                                          Joseph C. Peiffer
                                                          FISHMAN HAYGOOD PHELPS
                                                          WALMSLEYWILLIS &
                                                          SWANSON, L.L.P.
                                                          201 St. Charles Avenue, Suite 4600
                                                          New Orleans, Louisiana 70170
                                                          Telephone: 504-586-5252
                                                          Fax: 504-586-5250
                                                          jpeiffer@fishmanhaygood.com
                                                          *Admitted Pro Hac Vice*

                                                          ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

      I certify that I filed this document on March 26, 2014 using the CM-ECF system, which will electronically notify all parties.

                                                                  ___/s/ Benjamin Ruemke____